CAMBRIDGE PETROLEUM HOLDINGS, INC., Respondent, v LUKOIL AMERICAS CORPORATION, Appellant. [11 NYS3d 58]—

Order, Supreme Court, New York County (Lawrence K. Marks, J.), entered October 23, 2014, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the remaining causes of action in the amended complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

In 2010, defendant began to search for potential purchasers of a financially distressed subsidiary, GPMI. Plaintiff's offer to acquire GPMI for one dollar in exchange for a $25 million cash infusion into GPMI was accepted by defendant, in the hopes that plaintiff could turn the company around. The parties executed a stock purchase agreement memorializing the transaction, which closed on February 28, 2011. Plaintiff subsequently commenced this action for the breach of certain warranties contained in the transaction.

However, the stock purchase agreement explicitly limited defendant's requirement to indemnify plaintiff to certain circumstances, such as income tax payments and third-party claims. Plaintiff's causes of action herein are not for damages arising from such claims, but rather, are for breaches of the warranties that defendant allegedly made directly to it. These claims are not permitted under the agreement. That these restrictions leave plaintiff without a remedy is of no moment, as a party may not rewrite the terms of an agreement because, in hindsight, it dislikes its terms (*see Ambac Assur. Corp. v EMC Mtge. LLC*, 121 AD3d 514, 520 [2014]). Concur—Tom, J.P., Renwick, Andrias, Manzanet-Daniels and Kapnick, JJ.